AO 247 (Rev. 11/11)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)         Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Middle District of Georgia

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No:   5:17-CR-00057-001 |
| Adrian Green ) | USM No:   98112-020 |
| ) | |
| Date of Original Judgment:   04/18/2018 ) | |
| Date of Previous Amended Judgment:   N/A ) | Becky C. Wilcox |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of   ☒ the defendant   ☐ the Director of the Bureau of Prisons   ☐ the court

under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the Policy Statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(Complete Parts I and II of Page 2 when motion is granted)*

The defendant was sentenced on April 18, 2018, to one-hundred seventy (170) months imprisonment (to run consecutively to the sentence imposed in U.S. District Court, MD/GA, Case 5:15-CR-35-17) after pleading guilty to one-count Superseding Information charging Possession with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

On November 1, 2023, amended Sentencing Guidelines went into effect that reduced criminal history "status points" (being under a criminal justice sentence at the time the offense is committed) and provided a two-level reduction for "Certain Zero-Point Offenders." USSG §4A1.1(e) reduced the number of status points assessed to one point *if* the defendant receives seven or more points under subsections (a) – (d) and was under a criminal justice sentence at the time he committed the instant offense. USSG §4C1.1(a) (Certain Zero-Point Offenders) reduces a defendant's offense level determined under Chapters Two and Three by two levels if the defendant meets all of the criteria set forth at USSG §4C1.1(a)(1) – (10) – including that no criminal history points under Chapter Four, Part A be received. When sentenced, no criminal history "status points" were assessed. As the defendant received six criminal history points under USSG §4A1.1, he is not considered a "Zero-Point Offender" and is not eligible for a reduction under USSG §4C1.1(a). Pursuant to USSG § 1B1.10(a)(2) (Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)), a reduction in a defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) where the amendment does not have the effect of lowering the defendant's applicable guideline range. Because the defendant's advisory sentencing range remains unchanged, his Motion to Reduce Sentence (Docs. 65; 66) is **DENIED**.

Except as otherwise provided, all provisions of the judgment dated   04/18/2018   shall remain in effect.

**IT IS SO ORDERED**.

| | |
|---|---|
| Order Date:   4/12/2024 | S/ Marc T. Treadwell |
| | *Judge's signature* |
| Effective Date: _____ | Marc T. Treadwell, Chief U.S. District Judge |
| *(if different from order date)* | *Printed name and title* |